BROGDON *v.* AMERICAN AUTOMOBILE INS. CO.

1. Insurance—Automobiles—Delayed Disclaimer of Liability—Estoppel.

   Insurer under automobile liability policy *held*, not estopped from disclaiming liability under the policy some 22 months after accident where record shows insurer had been diligent in its investigation of the facts and that insured's false statement denying operation, ownership, or presence of car which injured plaintiff prevented insurer's earlier knowledge of liability.

2. Garnishment—Position of Plaintiff.

   Plaintiff in a garnishment action stands in the same position defendant would were latter suing garnishee.

3. Insurance—Construction of Policy.

   Clauses in an insurance policy favoring the insured dominate those for the benefit of the insurer.

4. Same—Automobile Liability Policy—Cooperation Clause—Waiver.

   Under provision of automobile liability policy requiring insured to render all possible cooperation and assistance, his making of false statement denying his operation, ownership, or presence of car which injured plaintiff was a breach of such covenant, and insurer which disclaimed liability during trial after falsity was disclosed and its attorney permitted to withdraw from defense of the case *held*, as a matter of law not to have waived its rights under clause relative to cooperation.

5. Same—Defense of Suits—Waiver—Disclaimer of Liability.

   After an insurer under automobile liability policy learns the true facts about a case and defends insured under policy thereafter, it waives the right to disclaim liability thereunder, as an insurer should not be required to respond in damages where the loss may be caused by insured's intentional failure to disclose the real facts.

6. Garnishment—Special Findings by Jury—Evidence.

In trial of garnishment proceeding in which plaintiff sought to recover from insurer under automobile liability policy the amount of a judgment which had been rendered in her favor against insured, jury could draw reasonable and probable inferences but could not guess or speculate, hence, where there was not a scintilla of evidence that insurer knew true facts of case when it entered upon defense of action from which it withdrew when it learned insured had knowingly misinformed it as to the facts about the accident, the court could set aside special findings for plaintiff made by jury (Court Rule No. 37, § 7 [1933]).

7. Same—Enforcement of Contract Between Principal Defendant and Garnishee.

In the trial of garnishment proceeding, the court cannot assume that the principal defendant cannot respond in damages nor that the enforcement of contract between the principal defendant and garnishee will work a hardship upon plaintiff.

Appeal from Wayne; Ferguson (Homer), J. Submitted June 6, 1939. (Docket No. 3, Calendar No. 40,394.) Decided September 5, 1939.

Garnishment proceeding by Julia Brogdon against American Automobile Insurance Company, a Missouri corporation, garnishee defendant, and William C. Kral, principal defendant, to recover sums on an automobile liability insurance policy. Verdict for plaintiff on special question. Judgment for garnishee defendant *non obstante veredicto*. Plaintiff appeals. Suggestion of death of plaintiff. Elliott Brogdon substituted as party plaintiff. Affirmed.

*Roxborough & Taliaferro (Robert J. Evans,* of counsel), for plaintiff.

*Maurice Miller,* for garnishee defendant.

Bushnell, J. While standing in a safety zone at the intersection of Stanford and McGraw avenues in

the city of Detroit, waiting to board a street car
about 7 o'clock a. m. on December 22, 1934, plaintiff
was struck by an automobile and seriously injured.
Suit was brought against defendant Kral, who de-
nied that he was the operator of the vehicle at the
time and place claimed. Kral carried liability insur-
ance with defendant company and denied emphat-
ically to them that he had anything to do with the
accident. The insurance company caused an appear-
ance to be entered for the defendant and made an
investigation of the facts. At the trial of the negli-
gence action, and just before the noon recess, the in-
surance company's attorney was informed by an em-
ployee of the company that, during a conversation
with Kral in another room, he had admitted that he
was the driver of the car that struck plaintiff. The
attorney then took his informant and Kral to his
office, where Kral's statement was taken before a
court stenographer. A disclaimer of liability was
prepared and given to Kral and, when the court re-
convened at 2 p. m., counsel for defendant informed
the trial judge in the absence of the jury that he had
entered upon the defense of the case under the im-
pression that Kral was not involved in the accident.
A full disclosure was made to the court and counsel's
request for permission to withdraw from further
participation in the case was granted. The court
then explained to Kral how he might proceed with
the trial of the case either with or without another
attorney. The jury returned to the court room and
the withdrawal of defendant's attorney was ex-
plained, but the reason for the withdrawal was not
given. The case proceeded and, after the jury had
rendered a verdict for $1,062 against defendant
Kral, the court informed the jury of the reasons for
the attorney's withdrawal.

After entry of judgment on the verdict, garnishment action was then commenced by plaintiff against the insurance company, who filed a motion to quash, which was denied. A trial of the statutory issue was had and special questions were answered by the jury. A judgment *non obstante veredicto* was entered in favor of the garnishee defendant and against the plaintiff of no cause of action, the court filing a written opinion. A motion for new trial was made and denied and plaintiff appeals. Subsequent to the appeal, plaintiff's attorney filed suggestion of the death of plaintiff and Elliott Brogdon, administrator, was substituted as party plaintiff.

Decision turns on whether or not there was any waiver by the insurance company of the following provisions of its policy:

"1. Notice of accident, claim, or suit. The assured shall give to the company or any of its authorized agents: (1) immediate written notice of any accident covered hereunder, irrespective of whether any injury or damage is apparent at the time, with the fullest information then obtainable; (2) prompt notice of every claim and shall forward thereto every summons and other process in suits as soon as served upon the assured. Notice of such accident given by or on behalf of the assured to any authorized agent of the company, with particulars sufficient to identify the assured, shall be deemed to be notice to the company. Failure to give such notice of any accident shall not invalidate any claim if it shall be shown written notice was given as soon as was reasonably possible.

"J. Settlement of claims and cooperation of assured. The assured shall not voluntarily assume any liability or interfere in any negotiation for settlement or in any legal proceeding or incur any expense or settle any claim, except at assured's own cost, without the written consent of the company. The

company reserves the right to settle or defend, as the company may elect, any such claim or suit brought against the assured. The assured shall in no manner aid or abet the claimant, but, whenever requested by the company, the assured shall aid in effecting settlement, in securing information, evidence, and the attendance of witnesses, and in prosecuting appeals and shall at all times render all possible cooperation and assistance.

"U. Misrepresentation and fraud. This entire policy shall be void if the assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud, attempted fraud, or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss or accident."

Plaintiff argues that the insurer is estopped to disclaim liability because 22 months elapsed between the report of the accident and the disclaimer. An examination of the record shows that the insurer was diligent in its investigation of the facts, and Kral's false statement prevented earlier knowledge of liability. Plaintiff says his conduct did not void the policy and absolve the insurer from liability, and that the judgment entered, notwithstanding the jury's answers to special questions, was erroneous. We adopt and approve the following from the trial court's opinion:

"First, we must start upon the premise that the plaintiff stands in the same position as the defendant would stand who is suing the American Automobile Insurance Company, garnishee defendant, upon his policy. The next question involved is, was there a waiver of the clause requiring a full and truthful account of the circumstances leading up to and attending the accident? If there was, the defendant in this

case cannot defend under the terms of the policy. (See, on waiver or estoppel, *Beals* v. *Central Mutual Auto Ins. Co.,* 269 Mich. 477; *Peters* v. *Sturmer,* 263 Mich. 494; *Wolverine Mutual Motor Ins. Co.* v. *Clark,* 277 Mich. 633; *Kirkey* v. *Casualty Assn. of America,* 255 Mich. 408, 414). These cases promulgate the rule that facts and circumstances may show a waiver, and anything done by an insurance company after they learn the true facts that may be considered as a waiver, as a rule will be considered a waiver, for 'the rule of construction is that clauses favoring the insured shall dominate those for the benefit of the insurer.' And if an insurance company has knowledge of facts, and acts with knowledge of those facts that showed an intention to waive the terms of the policy, the insured may recover.

"The court submitted several questions in this case; and it is, therefore, essential at this time to determine whether there is a scintilla of evidence from which the jury may find a waiver of this clause providing for full information. The rule seems to be well established that if a person contracts in an insurance policy to do certain things, he is required to do them. The making of false statements is a breach of his covenants to furnish full cooperation and information. See *Coleman* v. *New Amsterdam Casualty Co.,* 220 App. Div. 748 (222 N. Y. Supp. 788); *Conroy* v. *Commercial Casualty Ins. Co.,* 292 Pa. 219 (140 Atl. 905); *Francis* v. *London Guarantee & Accident Co.,* 100 Vt. 425 (138 Atl. 780); *Seltzer* v. *Indemnity Company,* 252 N. Y. 330 (169 N. E. 403); *Finkle* v. *Western Auto Ins. Co.,* 224 Mo. App. 285 (26 S. W. [2d] 843); *Metropolitan Casualty Ins. Co.* v. *Blue,* 219 Ala. 37 (121 South. 25); *Bassi* v. *Bassi,* 165 Minn. 100 (205 N. W. 947); *Ohrbach* v. *Preferred Accident Ins. Co.,* 227 App. Div. (N. Y.) 311 (237 N. Y. Supp. 494); *U. S. Fidelity & Guaranty Co.* v. *Wyer* (C. C. A.), 60 Fed. (2d) 856.

"These cases and others require that the insured give full information. The court thought that there may be a distinction between where a person gave

information that would create a liability against the insurer; and where he attempted to deny any liability against the insurer. For instance, where he claimed that he had violated the law, or had struck a person when in fact he had not violated the law or he had not struck the person. Clearly, such a statement may cause a fraud upon the insurer. But, a close examination of the cases above cited would indicate that he is required to give truthful information, and he is required at his peril to give such information. And, if it is found that he has intentionally and wilfully failed to give the information, no matter whether or not it would in fact create a liability or relieve himself from liability, they are both treated the same.

"A close examination of this reasoning seems to be that this should be the law, for in the case at bar, where a man claims that he was not driving the car, and was not present, and that it was not his car, an insurer may rightfully defend solely upon that ground, and be not concerned with contributory negligence or the question of negligence, and may proceed along that line. One-half day of trial goes along upon such a theory, and it is discovered that the theory is entirely wrong, and that the defense must be upon some other ground. The law should not require the insurer to respond in damages where the loss may be caused by the failure of the insured to disclose the real facts.

"It is true that where a jury finds facts under Court Rule No. 37, § 7 (1933), that the court should not disturb such finding. The test, however, is always, was there anything in the evidence from which the jury could find the facts as stated in the questions? The facts asked for in the special verdict in this case cannot be answered as they are answered, from the evidence. Jurors cannot guess and cannot speculate. They may draw reasonable and probable inferences. But, where a man buys an insurance policy and is required to make a written statement

giving full and true information, and he deliberately and knowingly gives misinformation in that statement to the effect that he was not driving the car and was not present, and that it was not his car, and he later during the trial admits that he was driving the car, and was present, and that it was his car, the jury cannot draw an inference that the insurer knew that he was driving the car.

"This court realizes that the facts in the case at bar are hard ones, and at first glance the plaintiff should be able to recover, and that insurance is to protect third parties. But, the law seems to be clearly otherwise. Hard cases should not shipwreck the law. The court cannot assume that the principal defendant cannot respond in damages. The court cannot assume that any hardship is being worked against the plaintiff by virtue of the enforcement of the principal defendant's contract with the insurer. He made a contract, and he agreed to do certain things. He deliberately and wilfully violated the terms of his contract. He could not recover. There has been no waiver as to him. The definition of 'waiver' makes it impossible in this case to find a waiver. If there has been any waiver by him of any right to recover by him, the law is clear that the present plaintiff cannot recover."

The judgment is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.