NETHERLANDS INSURANCE COMPANY v BRINGMAN

Docket No. 86088. Submitted May 21, 1986, at Lansing. Decided July 8, 1986.

Patrick J. Burns sustained injuries which left him quadriplegic when he dove off a dock at The Waterfront Inn along the Grand Traverse Bay. Burns was employed at the inn but had already completed his shift at the time he took the dive which led to his injuries. Burns subsequently filed a personal injury action in the Wayne Circuit Court against Robert Bringman, George Bloom and Mary Bloom, doing business as The Waterfront Inn, also known as Twin Bays Investment Company, a partnership doing business as The Waterfront Inn (hereafter referred to collectively as Twin Bays). Twin Bays answered with a claim that the circuit court lacked jurisdiction because of the exclusive remedy provision of the Workers' Disability Compensation Act. Burns then filed a petition for hearing with the Bureau of Workers' Compensation, which he later withdrew when the circuit court informed him that he could not be simultaneously in the circuit court and before the bureau on the same claim. Twin Bays later filed a petition for determination of rights with the Bureau of Workers' Compensation. Subsequently, plaintiff, Netherlands Insurance Company, filed suit in the Ingham Circuit Court against defendants, Twin Bays and the Director of the Bureau of Workers' Compensation, alleging that Twin Bays breached the contract of insurance by filing the petition with the bureau. Plaintiff sought to enjoin the bureau from acting on Twin Bays' petition, a declaratory judgment that only Burns or his legal representatives be allowed to enforce his rights to workers' compensation disability benefits, and a reformation of the insurance policy it had issued to Twin Bays to reflect a self-insured status for Twin Bays with respect to the injuries sustained by Burns. The circuit court, Carolyn Stell, J., on defendants' motion, granted summary disposition in favor of defendants and dismissed plaintiff's

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 50, 51, 240-288.

Modern status of effect of State Workmen's Compensation Act on right of third-person tortfeasor to contribution or indemnity from employer of injured or killed workman. 100 ALR3d 350.

complaint, ruling that it lacked subject-matter jurisdiction, since the bureau has exclusive jurisdiction to determine whether an injury arose out of an in the course of employment. Shortly thereafter, a hearing officer for the bureau ruled that Burns' injury did not arise out of or in the course of employment. Twin Bays has appealed to the Workers' Compensation Appeal Board. Plaintiff appealed from the circuit court's order of dismissal. *Held:*

1. Plaintiff's suit, regardless of how plaintiff chose to label it, requested the circuit court to find that Burns' injuries did not arise out of and in the course of his employment. Such a determination, however, is within the exclusive jurisdiction of the bureau.

2. The provision in the contract of insurance requiring Twin Bays to cooperate and assist plaintiff in any suit or proceeding related to workers' compensation does not expressly prohibit Twin Bays from filing a petition with the bureau for a determination of rights. Furthermore, 1979 AC, R 408.34(1) expressly provides that any party may apply to the bureau for relief in cases of dispute coming under the jurisdiction of the bureau.

3. The Court of Appeals ordered the Workers' Compensation Appeal Board to expedite Twin Bays' appeal from the hearing officer's determination that Burns' injury did not arise out of and in the course of employment.

Affirmed.

1. WORKERS' COMPENSATION — WORKERS' DISABILITY COMPENSATION BUREAU — DETERMINATION OF RIGHTS — ACTIONS.

A workers' compensation insurer, in the absence of any provision in its contract of insurance with its insured employer prohibiting the employer from filing a petition for determination of rights with the Bureau of Workers' Disability Compensation concerning an injured employee, may not file an equitable action in circuit court seeking to enjoin the Bureau of Workers' Disability Compensation from acting on the employer's petition, since an administrative rule provides that, in cases of dispute coming under the jurisdiction of the bureau, any party may apply to the bureau for relief (1979 AC,R 408.34[1]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — ACTIONS.

A worker's compensation insurer may not file an action in circuit court for declaratory relief and reformation of the insurance policy which would absolve it from liability for benefits to an injured worker, since such action would necessarily involve a determination of whether the employee's injury arose out of and in the course of employment, in derogation of the Bureau

of Workers' Disability Compensation's exclusive jurisdiction to decide whether the injury arose out of and in the course of employment (MCL 418.131; MSA 17.237[131]).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for plaintiff.

*John D. Hayes,* for Twin Bays Investment Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Director of Bureau of Workers' Disability Compensation.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,*

PER CURIAM. Plaintiff, Netherlands Insurance Company, appeals as of right from an order entered by the Ingham Circuit Court on June 17, 1985, denying its request for equitable and declaratory relief for breach of contract. The defendants are Robert Bringman, George Bloom and Mary Bloom, doing business as The Waterfront Inn, also known as Twin Bays Investment Company, a partnership doing business as The Waterfront Inn (referred to collectively as Twin Bays), and the director of the Bureau of Workers' Disability Compensation (bureau).

This appeal is related to an injury sustained by Patrick Joseph Burns, a former employee of The Waterfront Inn in Traverse City, incidental to the use of a dock at The Waterfront Inn which extended into Grand Traverse Bay. On August 13, 1981, Burns worked a regular shift punching out at about 5:00 P.M. He remained on the premises for social reasons, went for a sailboat ride, and at

---

* Circuit judge, sitting on the Court of Appeals by assignment.

about 6:00 P.M. dove off the motel dock and severely injured himself. He is now a quadriplegic.

In December, 1981, Burns filed a personal injury action against Twin Bays in Wayne Circuit Court. In his complaint, he alleged the injury did not occur during the course of his employment, but had occurred when he was off duty. When Twin Bays answered with a claim that the circuit court lacked jurisdiction because of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), Burns filed a petition for hearing with the bureau. When informed by Wayne Circuit Judge John R. Kirwan that he could not be in both forums and must choose his forum, Burns withdrew his petition for hearing from the bureau.

On May 14, 1985, Netherlands Insurance Company, Twin Bays' workers' compensation insurance carrier, filed the instant suit in the Ingham Circuit Court. In its complaint, plaintiff basically alleges that when Twin Bays filed its petition for a determination of rights with the bureau on January 13, 1984, Twin Bays violated the cooperation clause contained in Condition 7 of the policy of insurance between plaintiff, insurer, and Twin Bays, its insured, and, therefore, the instant case "is a case which arises out of an alleged breach of contract, not out of a claim for workers' compensation benefits." As stated in plaintiff's brief, "it is impossible to imagine a more direct form of noncompliance than the filing of a claim which has as its object the imposition of liability on one's own insurer."[1]

[1] Amplifying on this argument plaintiff's brief asserts, "Contrary to the express provisions of the cooperation clause, the defendant insureds have gone from an identity of interest with plaintiff Netherlands to a definite and substantial adversary of interest. They seek to impose on their indemnitor, without any obligation to themselves, a liability on behalf of Patrick Joseph Burns which he himself did not assert and, in fact, disclaims."

Plaintiff prayed for an injunction enjoining Twin Bays from "any further litigation" in the bureau, for a declaratory judgment that only Burns or his legal representatives be allowed to enforce his rights to workers' compensation disability benefits, and for a reformation of the insurance policy it had issued to Twin Bays and of the files of the bureau to reflect a self-insured status for Twin Bays with respect to the injuries sustained by Burns.

In response to plaintiff's complaint, both Twin Bays and the bureau filed motions for summary disposition based on lack of personal and subject matter jurisdiction, pursuant to MCR 2.116(C)(1) and (4). At a hearing held June 3, 1985, Judge Carolyn Stell stated that the bureau has sole and exclusive jurisdiction to determine whether an injury arose out of the course of employment, and that one does not have to be an injured party to file a petition for determination of rights with the bureau. Therefore, she denied plaintiff's request for injunctive relief and dismissed its complaint for lack of jurisdiction. A corresponding order was entered on June 17, 1985, from which plaintiff now appeals.

On July 25, 1985, the bureau hearing officer, in Twin Bays' petition for determination of rights, ruled that Burns' injury did not arise out of or in the course of his employment, but had occurred when he was off duty. Twin Bays has appealed that decision to the Workers' Compensation Appeal Board where, due to the backlog of cases, a decision is not expected for four or five years.

The several issues raised in the parties' briefs have been consolidated by us into two: (1) Did the trial court err in denying plaintiff's request for equitable relief and in dismissing plaintiff's complaint for lack of jurisdiction; (2) Was Twin Bays

prohibited contractually from filing a petition for determination of rights with the Bureau of Workers' Disability Compensation?

I

Although plaintiff characterizes its complaint as one for breach of contract and asks for an injunction, declaratory judgment, and reformation of its contract of insurance with Twin Bays, all of which are equitable actions, this Court, in *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378-379; 230 NW2d 440 (1975), stated:

> [T]his Court will not be bound by a party's choice of label for its action where to do so would not only put form over substance but would also invade the exclusive statutory jurisdiction of the Workmen's Compensation Bureau.

No matter how plaintiff labels it, by asking the circuit court to enjoin the bureau from acting on Twin Bays' petition for determination of rights, and for reformation of plaintiff's workers' compensation insurance policy with defendants, the bottom line is a request that the circuit court find that Burns' injuries did not arise out of and in the course of his employment.

Our courts have expressly ruled that questions concerning injuries and whether they grew out of and in the course of employment must initially be decided by the bureau. *Szydlowski v General Motors Corp,* 397 Mich 356, 359; 245 NW2d 26 (1976); *Michigan Property & Casualty Guaranty Ass'n v Checker Cab Co,* 138 Mich App 180, 182; 360 NW2d 168 (1984). Circuit courts do have jurisdiction to determine whether an employer-employee relationship exists, and to determine rights where the employer-employee relationship is only inci-

dental. *Sewell v Clearing Machine Corp,* 419 Mich 56, 62; 347 NW2d 447 (1984); *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971). However, in the instant case, it is conceded that Burns was defendant's employee, the only question being whether at the time of the injury he was in the course of his employment.

Further, plaintiff's complaint asks the circuit court to undo this Court's October 24, 1984, order vacating Judge Kirwan's order in Burns' negligence suit against Twin Bays. That order read:

> IT IS FURTHER ORDERED that trial be stayed [in Wayne Circuit Court], and that the cause be held in abeyance pending determination by the bureau of workers disability compensation of defendant-appellants's petition for determination of rights. *If the bureau determines* that Joseph Patrick Burns' injuries were suffered in the course of his employment, this cause of action will be dismissed. MCL 418.131; MSA 17.237(131). *If the bureau finds* the injuries not to be work-related, the circuit court action may proceed. [Emphasis supplied.]

Nor are we persuaded by plaintiff's claim that because it has not adequate remedy at law it will suffer irreparable harm if it is denied equitable relief. The claim is premature. Under this Court's October 24, 1984, order, plaintiff will suffer no harm until the bureau determines that Burns was within the scope of his employment at the time he dove off The Waterfront Inn dock. Subsequent to the Ingham Circuit Court order, the hearing officer ruled that Burns was not in the scope of his employment. Thus, as matters now stand, the bureau has initially ruled in plaintiff's favor. While that ruling conceivably could be reversed by the Workers' Compensation Appeal Board, plaintiff is presently in no need of equitable relief, nor is it without adequate remedy at law.

II

Plaintiff claims that the terms of its insurance policy with Twin Bays, particularly the first sentence of Condition 7, prohibit Twin Bays from filing a claim with the bureau. At oral argument, this Court inquired of plaintiff's counsel whether counsel claimed the very filing of the petition for a determination of rights was a violation or whether counsel was contending that, in other respects, Twin Bays had refused to cooperate with its insurer. Counsel responded that the filing of the complaint itself was a violation justifying equitable relief. We disagree on two grounds.

First, the issue was not addressed or decided by the trial court. This Court does not address issues not decided at the trial level. *Williams Machine & Fabricating, Inc v Olson,* 137 Mich App 728, 736; 359 NW2d 205 (1984).

Second, when considered on its merits we do not find a breach of Condition 7, the "cooperation clause." That provision reads:

> (7) Assistance and Cooperation of the Insured: The insured shall cooperate with the company and upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits or proceedings. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical or other services at the time of injury as are required by the worker's compensation law.

We find nothing in Condition 7 which precludes the insured from filing a petition for determination of rights. Basically, the first sentence of Con-

dition 7 requires the insured's assistance in defending a claim under the policy. Nothing in the record indicates Twin Bays refused to respond to depositions, attend hearings, or in other ways decline or refuse to cooperate with its insurer. Further, plaintiff's complaint spells out no specifics of refusal to cooperate other than the filing of the petition for determination of rights. *Brogdon v American Automobile Ins Co,* 290 Mich 130; 287 NW 406 (1939), is clearly distinguishable. There the insured falsely represented to his insurer that he was not the driver of the car that struck the pedestrian. The second sentence of Condition 7 is clearly inapplicable to the instant situation.

In the absence of a specific provision in the policy of insurance which states that only an injured employee may file a petition with the bureau, we decline to hold that filing a petition for declaration of rights is a breach of an employer's contract. 1979 AC, R 408.34(1) expressly provides that "[I]n cases of dispute coming under the jurisdiction of the bureau, any party may apply to the bureau for relief." As noted by defendant Twin Bays, the Workers' Disability Compensation Act was adopted to protect employers from common-law actions.

Nevertheless, we find merit in plaintiff's claim that, given the current status of the instant dispute, plaintiff is forced to wait some four or five years before the Workers' Compensation Appeal Board decides whether to affirm or reverse the ruling of the hearing officer. Therefore, under authority given this Court in MCR 7.216(7), we order the appeal to the Workers' Compensation Appeal Board from the January 25, 1985, order of the hearing officer advanced to the head of the calendar of cases to be decided by the appeal board

and the decision expedited. In all other respects, the decision and order of the Ingham Circuit Court is affirmed. This Court does not retain jurisdiction except over expediting Twin Bays' appeal to the appeal board.

No costs, a matter of public interest being involved.

Affirmed.