MAJURIN v DEPARTMENT OF SOCIAL SERVICES

Docket No. 98550. Submitted October 7, 1987, at Marquette. Decided December 7, 1987.

In the late spring of 1985, Melvin Majurin had open heart surgery which resulted in substantial medical expenses. Following the surgery, Majurin submitted a claim for these medical services to his primary medical insurance carrier, Medicare. In November, 1985, Medicare informed Majurin that $3,250 of his medical expenses was not covered. Majurin's supplemental medical insurer thereafter informed him that his supplemental coverage did not fully cover the balance owing. On December 5, 1985, Majurin applied for Medicaid benefits. The Department of Social Services denied his application for benefits on the basis that the application had not been made within three months of the date the expenses were incurred, as required by federal law and rule and departmental policy. Majurin sought review of the denial of benefits in Ontonagon Circuit Court. The circuit court, Timothy J. Mahoney, J., reversed the department's determination. The Department of Social Services appealed.

The Court of Appeals *held:*

The three-month period in which to make a Medicaid claim has not been extended by this state. That period runs from the date the medical expenses are incurred. The expenses are incurred when the medical services are rendered. Since the statutory and administrative mandate is clear, a court may not extend the length of the filing period merely because the claimant waited until there had been a determination of what portion of the expenses would be paid by his insurers before he submitted a claim for Medicaid benefits.

Reversed.

REFERENCES

Am Jur 2d, Administrative Law §§ 241-251.

Am Jur 2d, Welfare Laws §§ 38-41.

Supreme Court's view as to weight and effect to be given, on subsequent judicial construction, to prior administrative construction of statute. 39 L Ed 2d 942.

When is medical expense "incurred" under policy providing for payment of medical expenses incurred within fixed period of time from date of injury. 10 ALR3d 468.

1. Statutes — Judicial Construction — Administrative Agencies.

> The long-standing interpretation given by an administrative agency to a statute falling within its powers to administer is entitled to great weight and should not be overruled by a court without the most cogent of reasons; however, an administrative interpretation of a statute is not conclusive and cannot overcome a logical reading of the statute.

2. Social Services — Medicaid — Claims — Filing Period.

> The three-month period required by federal mandate in which claims for Medicaid benefits may be filed has not been extended to a greater period by the State of Michigan in its implementation of the program (42 USC 1396a[a][34]; 42 CFR 435.914[a]).

3. Social Services — Medicaid — Claims — Filing Period — Incurring of Expenses — Equity.

> Medical expenses are incurred for the purpose of the running of the filing period for Medicaid benefits on the date that the medical services are rendered; a court may not, in the exercise of its equitable jurisdiction, extend the clear legislative and administrative determination to limit Medicaid benefits to those instances in which a claim was filed within three months of the incurring of the expense simply because a claimant did not make the claim within the mandated period because he was awaiting a determination whether his medical insurer would cover the medical expense.

*Richard B. Adams,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donald S. McGehee,* Assistant Attorney General, for defendant.

Before: R. M. Maher, P.J., and G. R. McDonald and R. C. Livo,* JJ.

R. M. Maher, P.J. Defendant appeals as of right from the February 2, 1987, order of the Ontonagon Circuit Court which reversed defendant's decision to deny plaintiff retroactive medical assistance (Medicaid) benefits. We reverse the lower court's order and reinstate the denial of Medicaid benefits to plaintiff.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In the late spring of 1985 plaintiff had open heart surgery, for which he incurred substantial medical expenses. Following surgery, he submitted a claim to Medicare, his primary medical insurance carrier, which took several months to process. In November, 1985, Medicare informed him that approximately $3,250 of his expenses was not covered under the government program. Thereafter, he filed a claim with his private supplemental medical insurer for that unpaid balance. He was subsequently informed that the supplemental policy did not fully cover the balance owing. On December 5, 1985, he applied for Medicaid benefits through the Ontonagon Department of Social Services. That application was denied on the ground that his medical expenses had been incurred outside the three-month retroactive coverage period prescribed by federal law, 42 USC 1396a(a)(34) and 42 CFR 435.914(a), and defendant's departmental policy.

Plaintiff filed a timely request with defendant for review of that denial. He argued that the medical expenses were "incurred," within the meaning of defendant's policy, when he was notified that neither Medicare nor the supplemental policy covered his entire expenses and he was billed personally for the unpaid balance. Defendant disagreed with that argument, holding that the medical expenses were incurred on the date the medical services were rendered. Since plaintiff did not apply for Medicaid benefits within three months of that date, the denial of his application for retroactive coverage was upheld.

Thereafter, plaintiff filed a petition for review with the Ontonagon Circuit Court. On February 2, 1987, an order was issued, reversing defendant's decision and holding that plaintiff's medical expenses were incurred when he received the bills for

such in November, 1985, which was within the three-month retroactive coverage period. It is from that order that defendant brings its appeal of right.

Judicial review of a decision by an administrative agency is delineated by statute. MCL 24.301 *et seq.*; MSA 3.560(201) *et seq.* Where an agency rules on a question of law which is within its jurisdiction to decide, its decision cannot be set aside unless substantial rights of a party were prejudiced as a result of a substantial and material error of law. MCL 24.306(1)(f); MSA 3.560(206)(1)(f). An administrative agency's long-standing interpretation of a statute falling within its powers to administer is entitled to great weight and should not be overruled by a court without the most cogent of reasons. *Bd of Ed of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977); *Kent Co v Dep't of Social Services,* 149 Mich App 749, 753; 386 NW2d 663 (1986). However, an administrative interpretation of a statute is not conclusive and cannot overcome a logical reading of the statute. *People v Dunn,* 104 Mich App 419, 425; 304 NW2d 856 (1981).

Although this Court has not had prior occasion to interpret the federal statute and regulation in question, there can be no legitimate dispute that under the federal scheme the state provider (here defendant) must provide retroactive coverage only back through the third month prior to the month of initial application. See *Martin v Dep't of Public Welfare,* 99 Pa Commw Ct 345, 359-360; 514 A2d 204 (1986); *Berry v Dep't of Public Welfare,* 42 Pa Commw Ct 640; 401 A2d 602 (1979). Indeed, plaintiff concedes this. However, he asserts that such an interpretation is based on the express language of 42 USC 1396a(a)(34) and 42 CFR 435.914(a), which differs from the language of defendant's depart-

mental policy. He further argues that the federal law prescribes a minimum, not a maximum, term of eligibility and that defendant's policy language extends the period of coverage. Without deciding whether the federal law establishes only a minimum period of coverage, we do not believe that this state has extended the eligibility period even if such was permitted.

Pursuant to the Michigan Social Welfare Act, defendant is the state agency responsible for administering and disbursing Medicaid benefits. MCL 400.10; MSA 16.410. Defendant has done this in accordance with the policy directives found in its program administration manual (PAM) and the glossary of its program reference manual (PRM). The PAM states that benefits are available back to the first day of the third calendar month prior to the most recent application for benefits if, among other things, there was an "incurred medical expense" during that time period. Furthermore, the PRM glossary defines a "retroactive benefit month" as the first, second, or third calendar month prior to the most recent application for benefits. Hence, defendant's policy provides that medical assistance may be obtained for a period three months prior to the most recent application date if the medical expenses were "incurred" during that time. The critical question now before us is whether plaintiff's medical expenses were incurred at the time he was billed for the unpaid balance or at the time the services were rendered.

Unfortunately, neither the PAM nor the PRM define the term "incurred." It is a well-established rule of statutory construction, though, that a term not defined by statute is to be given its ordinary meaning. Statutes must be construed according to the common and approved usage of the language. Resort to dictionary definitions is an appropriate

method of achieving this result. *In re Condemnation of Lands,* 133 Mich App 207, 211; 349 NW2d 261 (1984), lv den 421 Mich 856 (1985). We believe those rules apply equally in construing the policies of administrative agencies.

The term "incur" has been defined as "to become liable or subject to." *Webster's New Collegiate Dictionary* (1973). In the context of other areas of law, several decisions of this Court have adopted that definition. *Harris v Mid-Century Ins Co,* 115 Mich App 591, 596; 322 NW2d 718 (1982) (no-fault insurance); *Hoehner v Western Casualty & Surety Co,* 8 Mich App 708, 717; 155 NW2d 231 (1967), lv den 380 Mich 758 (1968) (medical insurance contract). It is hornbook law that one generally becomes liable to pay for goods or services at the time they are received or rendered, unless the parties have agreed otherwise. Billing for the goods or services is not usually a prerequisite for legal liability. See Simpson, Contracts (2d ed), §§ 5, 8, pp 5, 7.

Applying the common definition of "incurred," plaintiff's medical expenses were incurred at the time the medical services were rendered—in May and June of 1985. Since he did not apply for Medicaid benefits within three months of those dates, his application was not timely.

To adopt the position urged by plaintiff would produce ludicrous results and render the three-month time reference without effect. If the three-month retroactive period was a minimum, not a maximum, time limit, a person could apply for Medicaid benefits many years after the expenses were incurred. This would encourage stale claims. The purpose of the three-month retroactive period is to protect persons who are eligible for Medicaid but do not apply for assistance until after receiving care either because they did not know about

the eligibility requirements or because the sudden nature of their illnesses prevented their applying. *Martin, supra,* p 360 (citing 8 HR Rep No 231, 92d Cong, 2d Sess, reprinted in 1972 US Code Cong & Ad News 4989, 5099). Here, plaintiff's delay in applying for benefits was not caused by ignorance of the eligibility requirements or sudden illness. In any case, the three-month period has been deemed a sufficient time in which to apply for benefits after incurring the expenses. Because defendant is charged with the responsibility of administering the Medicaid program, which it has done consistent with federal law, we are loath to interpret its policy differently than it has done.

Plaintiff also argues that, even if defendant's policy mandates only a three-month retroactive period, the equities of this case require that his tardiness in applying for benefits be excused. Although equity is "not bound by the strict rules of the common law," *Spoon-Shacket Co, Inc v Oakland Co,* 356 Mich 151, 163; 97 NW2d 25 (1959), it is not without its limitations. Equitable principles cannot be applied in derogation of an unambiguous legislative requirement. *Lansing v Lansing Twp,* 356 Mich 641, 650; 97 NW2d 804 (1959). We believe that rule applies equally to agency policies. Plaintiff has presented no proof that he could not have discovered his personal liability, either because of extended illness or because the terms of his Medicare and supplemental policies misled him, prior to the expiration of the three-month retroactive period. He alleges only that his Medicaid application was tardy because he waited for Medicare to process his claim. Even assuming that the delay in being informed of his liability was unavoidable, any relief from the existing three-month retroactive period must come from Congress or our Legislature, not this Court. *Lansing,*

*supra,* p 650. While we certainly sympathize with plaintiff's plight, the federal law and defendant's policy—being clear on their face—cannot be disregarded in the interests of doing "justice." *Martin, supra,* pp 360-361. The circuit court lacked authority to disregard a clearly applicable law and policy out of sympathy for a particular litigant. *Baldwin Co Welcome Center v Brown,* 466 US 147, 152; 104 S Ct 1723; 80 L Ed 2d 196 (1984). "Hard cases should not shipwreck the law." *Brogdon v American Automobile Ins Co,* 290 Mich 130, 137; 287 NW 406 (1939).

The order of the circuit court is reversed and the decision of defendant denying plaintiff retroactive Medicaid benefits is reinstated.

Reversed.