WHEATFIELD TOWNSHIP v CITY OF WILLIAMSTON

Docket No. 113802. Submitted March 14, 1990, at Lansing. Decided May 29, 1990. Leave to appeal applied for.

Wheatfield Township filed suit against the City of Williamston in Ingham Circuit Court seeking to prevent Williamston's annexation of a 150-acre parcel of land located between the township and the city. The court, Peter D. Houk, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant followed the correct annexation procedure as provided by the home rule cities act. Defendant's land contract granted the city sufficient ownership of the property to satisfy the statute, and because the property was set aside as agricultural, it was vacant for purposes of the statute.

2. Defendant's Economic Development Corporation did not violate either the Economic Development Corporations Act or the Tax Increment Finance Authority Act.

3. The trial court properly dismissed plaintiff's claim that the annexation would violate the Farmland and Open Space Preservation Act. Plaintiff's claim is premature, since defendant has taken no action which is inconsistent with the farmland development rights agreement. Because this claim was premature, its dismissal is without prejudice. The court's order is modified accordingly.

Affirmed as modified.

MUNICIPAL CORPORATIONS — PROPERTY — ANNEXATION — HOME RULE CITIES ACT.

A city owned property and the property was vacant for purposes of annexation under the home rule cities act where the city purchased the property on land contract, that contract granted the city sufficient ownership to satisfy the statute, and the property was set aside as agricultural property (MCL 117.9[8]; MSA 5.2088[8]).

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 66-68, 137.

See the Index to Annotations under Home Rule; Municipal Corporations.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Elizabeth Roberts VerHey*), for plaintiff.

*Joseph K. Cox,* for defendant.

Amicus Curiae:

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *William B. Beach* and *Jerold D. E. Lax*), for Michigan Municipal League.

Before: HOOD, P.J., and MAHER and CYNAR, JJ.

PER CURIAM. Plaintiff Wheatfield Township appeals as of right from the November 29, 1988, order of the Ingham Circuit Court granting summary disposition in favor of defendant City of Williamston, pursuant to MCR 2.116(C)(8) and (10), on plaintiff's verified complaint which sought to prevent defendant's annexation of a 150-acre parcel of land located between the township and the city (the Hitchcock property). We modify in part the court's order and affirm.

Plaintiff argues first that the defendant's annexation did not meet the essential requirements of the home rule cities act because the city did not "own" the property and the property was not "vacant" within the meaning of MCL 117.9(8); MSA 5.2088(8). However, we find that defendant did follow the correct annexation procedure as provided by the act. Defendant's land contract with the Hitchcocks did grant the city sufficient ownership to satisfy the statute, and since the property was set aside as "agricultural," and plaintiff has failed to demonstrate otherwise, the property was vacant.

Plaintiff argues next that the conduct of defendant's Economic Development Corporation (also

designated as defendant's Tax Increment Financing Authority) was contrary to the Economic Development Corporations Act (EDCA), specifically, MCL 125.1608; MSA 5.3520(8), and the Tax Increment Finance Authority Act (TIFA), specifically, MCL 125.1804 and 1807; MSA 3.540(204) and (207). We disagree.

In the present case, the trial court properly found that plaintiff failed to state a claim under either the EDCA or the TIFA. The trial court found that while other portions of the TIFA limit the power of the authority to areas within a development district, the authority's power to purchase property contains no such limitations. The court concluded the purchase of lands outside the development area is sometimes necessary if the board is to carry out its purpose. While home rule cities may not perform those functions not granted by the Legislature, the act imposes no such restrictions upon an authority established pursuant to the TIFA. In fact, the clear and unambiguous statutory language grants defendant's Economic Development Corporation broad powers to purchase property and develop it. When the language of the statute is clear, any judicial construction is foreclosed. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989).

Lastly, plaintiff contends that the annexation violated the Farmland and Open Space Preservation Act, specifically, MCL 554.705 and 711; MSA 26.1287(5) and (11). However, we find that the trial court properly dismissed this claim. Plaintiff has simply failed to state a claim or establish that defendant has violated the act. A review of plaintiff's verified complaint indicates that it contains only conclusions, unsupported by facts. Plaintiff claims that defendant's plans to develop the prop-

erty violate the act. Presently, the property is undeveloped, pending defendant's application to remove the property from the protection of the statute. Up to now, defendant has taken no action which is inconsistent with the farmland development rights agreement. Until defendant does, plaintiff's claim is premature and was properly dismissed. However, because this claim was only premature, we find its dismissal to be without prejudice and modify the trial court's order accordingly. MCR 7.216(A); *Netherlands Ins Co v Bringman,* 153 Mich App 234, 240; 395 NW2d 49 (1986).

Affirmed as modified.