PEOPLE v CAPRICCIOSO

Docket Nos. 147178, 151508. Submitted April 7, 1994, at Lansing.
Decided September 20, 1994, at 9:40 A.M. Leave to appeal
sought.

Richard P. Capriccioso was convicted by a jury in the Oakland
Circuit Court, Barry L. Howard, J., of one count of fourth-
degree criminal sexual conduct. Thereafter, the defendant
pleaded nolo contendere in the Oakland Circuit Court, Barry L.
Howard, J., of seven counts of fourth-degree criminal sexual
conduct. Each of the charges arose out of a physical examina-
tion made by the defendant, an emergency room physician, of a
female patient. In each instance, it was alleged that the physi-
cal examination included an intentional touching of the pa-
tient's intimate parts in a manner or for a purpose that
medically is recognized as unethical or unacceptable. The de-
fendant appealed, claiming that the statutory definition of MCL
750.520b(1)(f)(iv); MSA 28.788(2)(1)(f)(iv), which provides that
force or coercion occurs where an actor "engages in medical
treatment or examination of the victim in a manner or for
purposes which are medically recognized as unethical or unac-
ceptable," is unconstitutionally vague because it fails to provide
fair notice of the conduct proscribed.

The Court of Appeals held:

1. Because it was undisputed that the intentional touching of
a patient for the purpose of sexual arousal or gratification is
considered unacceptable and unethical, the statutory language
adequately notified the defendant that his conduct constituted a
criminal offense.

2. Because there was expert medical testimony that the
defendant's treatment and examinations of the patients' inti-
mate parts was not required as part of the medical examina-
tions for and treatment of the conditions that brought the
patients to the defendant to seek treatment and because there

REFERENCES

Am Jur 2d, Constitutional Law § 223; Physicians, Surgeons, and
Other Healers §§ 83, 393.
Improper or immoral sexually related conduct toward patient as
ground for disciplinary action against physician, dentist, or other
licensed healer. 59 ALR4th 1104.

was expert medical testimony that such treatment and examinations were recognized by the medical community as being unethical and unacceptable under the circumstances described by the patients, the triers of fact were not vested with unstructured discretion to determine whether the crimes had been committed.

Affirmed.

CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — COERCION — FORCE — MEDICAL TREATMENT AND EXAMINATIONS — CONSTITUTIONAL LAW — VAGUENESS.

The provision defining force or coercion for the purpose of the crimes of criminal sexual conduct as including medical treatment or examinations done in a manner or for purposes that are recognized medically as unethical or unacceptable is not vague in the constitutional sense with respect to a charge that a doctor touched intimate parts of patients' bodies for the purpose of sexual arousal or gratification; the touching of intimate parts of a patient's body for the purpose of sexual arousal or gratification is recognized by the medical community as being unethical and unacceptable (MCL 750.520b[1][f][iv]; MSA 28.788[2][1][f][iv]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Michael J. Modelski*, Chief, Appellate Division, and *Anica Letica*, for the people.

*Richard M. Lustig*, for the defendant.

Before: WAHLS, P.J., and MACKENZIE and K. B. GLASER,* JJ.

PER CURIAM. Defendant, an emergency room physician, was charged in separate cases with eight counts of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), arising from his alleged improper conduct during the examinations of seven female patients from September 1987 until November 1990. In Docket No. 147178, defendant was convicted by a jury of

* Circuit judge, sitting on the Court of Appeals by assignment.

fourth-degree criminal sexual conduct.[1] In Docket No. 151508, defendant pleaded nolo contendere to the remaining seven counts. The trial court sentenced defendant to concurrent terms of four years' probation with the first six months to be served in the county jail, followed by one year on a tether.

Defendant's sole claim on appeal is that the statutory provision under which he was charged and convicted is unconstitutionally vague. Before trial, defendant raised this issue in a motion to quash, which the trial court denied. He also tendered a conditional plea in order to preserve the issue for our review.

The "void for vagueness" doctrine is derived from the constitutional guarantee that the state may not deprive a person of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. A statute that forbids an act in terms so vague that a person of common intelligence necessarily must guess at its meaning and may differ concerning its application violates the first essential element of due process of law. *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939); *People v Munn,* 198 Mich App 726, 727; 499 NW2d 459 (1993). A statute may be challenged for vagueness on the grounds that it (1) is overbroad and thereby impinges on First Amendment freedoms, (2) does not provide fair notice of the conduct proscribed, or (3) is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. *People v Hayes,* 421 Mich 271, 283; 364 NW2d 635 (1984), citing *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980); *People v Kalchik,* 160 Mich

---

[1] Defendant was acquitted of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b).

App 40, 45; 407 NW2d 627 (1987). Whenever possible, courts should construe statutes in such a manner as to render them constitutional. *Hayes, supra* at 284.

Under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), a person who engages in sexual contact that is accomplished by force or coercion is guilty of fourth-degree criminal sexual conduct. Sexual contact includes an intentional touching of the victim's intimate parts for the purpose of sexual arousal or gratification.[2] MCL 750.520b(1)(f)(iv); MSA 28.788(2)(1)(f)(iv) further defines force or coercion as including:

> When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

Defendant first contends that the above definition is unconstitutionally vague because it fails to provide fair notice of the conduct proscribed. We disagree.

Because defendant does not claim that his First Amendment rights were violated, his vagueness challenge must be examined in light of the facts of the case at hand. *People v Howell,* 396 Mich 16, 21-22; 238 NW2d 148 (1976); *Kalchik, supra; People v Cavaiani,* 172 Mich App 706, 714; 432 NW2d 409 (1988). The evidence adduced at the preliminary examinations and the trial included testimony of similar instances of improper touching during defendant's medical examination of the female patients. One patient arrived at the emergency room complaining of back pains and dizziness. During his examination, defendant grabbed her breasts, rubbed them together, rubbed the

---

[2] MCL 750.520a(k); MSA 28.788(1)(k).

nipples, and penetrated her vagina with an ungloved hand. He then removed her underpants and squeezed her buttocks. Another patient went to the emergency room around the same time, seeking treatment for bronchitis. During the examination, defendant grabbed the patient's breasts while standing behind her, pushed and kneaded the breasts, and brushed her nipples. Defendant examined other areas of her body, but resumed touching her breasts four or five times. The patient testified that during previous treatments for bronchitis she had never been asked to remove her bra or had a breast examination performed. After the allegations against defendant received publicity, the other patients voluntarily came forward to the police. These patients had sought medical treatment for stomach problems and fatigue, asthma, sinus allergy and chest congestion, and sinus infection. With each of these women, defendant grabbed and rubbed their breasts in a manner that they described as not typical of previous breast examinations. In some cases, defendant would continue touching their breasts for several minutes. The medical expert opined that the breast examinations performed by defendant were unnecessary for the patients' ailments and the manner of defendant's performance of the examinations, as described by the patients, was medically inappropriate and unacceptable.

We agree that the language "in a manner or for purposes which are medically recognized as unethical or unacceptable," standing alone, fails to give adequate notice of the conduct proscribed to the average person of ordinary intelligence. However, MCL 750.520b(1)(f)(iv); MSA 28.788(2)(1)(f)(iv) should not be read in a vacuum. Rather, the provision should be examined in light of the entire text of the relevant statutory provisions that de-

fine the offense to determine whether the requisite certainty exists. *Hayes, supra.* Here, the conduct proscribed is the intentional touching of a patient by a doctor for sexual gratification under the pretense that the contact is necessary in the diagnosis of the patient's ailment. The objective is to prevent a person in the medical profession from taking such an unconscionable advantage of the patient's vulnerability and abusing the patient's trust and unwitting permission of the touching under the belief that it is necessary. In turn, the Legislature has defined force or coercion as encompassing these situations. In order to determine whether a person has intentionally touched a patient's intimate parts for an improper purpose under such pretense, medical testimony is necessary in determining whether the conduct was necessary in rendering the particular treatment. Because it was undisputed that the intentional touching of a patient for the purpose of sexual arousal or gratification is considered unacceptable and unethical, we find that the statutory offense adequately notified defendant that the conduct in which he engaged was criminal.

Defendant also claims that the statutory provision vests unstructured discretion in the trier of fact to determine whether a crime has been committed. We disagree. Because medical testimony is necessary to prove that a defendant's behavior during a medical examination was not acceptable or ethical, *People v Thangavelu,* 96 Mich App 442, 450; 292 NW2d 227 (1980), the jury is not free to decide what is and is not prohibited. Although at some point medical experts may not agree concerning whether a defendant's behavior was necessary in rendering treatment, all would agree that an intentional touching of the patient's intimate parts for the purpose of sexual arousal or gratifica-

tion, as was clearly established in this case, is viewed as being unethical and unacceptable by the medical community.

Affirmed.