RONNEY v DEPARTMENT OF SOCIAL SERVICES

Docket No. 158531. Submitted January 10, 1995, at Lansing. Decided
April 28, 1995, at 9:20 A.M.

Mary R. Ronney petitioned the Macomb Circuit Court for judicial
review of a decision by the Department of Social Services to
discontinue her Medicaid benefits because her assets exceeded
the maximum allowed for Medicaid eligibility after her legal
guardian established a trust for Ronney's benefit with money
Ronney had inherited and with the guardian as trustee. The
court, John B. Bruff, J., reversed the decision of the DSS, ruling
that because the trust had been established by the guardian, it
was not a Medicaid qualifying trust under 42 USC 1396a(k)(2)
and could not be considered part of Ronney's assets. The DSS
appealed.

The Court of Appeals held:

With the exception of trusts established before April 7, 1986,
for the benefit of mentally retarded individuals residing in
intermediate-care facilities for the mentally retarded, a trust
that is established by an individual's legal guardian, acting on
the individual's behalf, is a Medicaid qualifying trust for pur-
poses of 42 USC 1396a(k) where the individual is the benefi-
ciary of all or part of the payments from the trust and the
distribution of such payments is determined by one or more
trustees who are permitted to exercise any discretion with
respect to the distribution to the individual.

Reversed.

SOCIAL SERVICES — MEDICAID — MEDICAID QUALIFYING TRUSTS.

A trust created by the legal guardian of an individual for the
benefit of the individual, with the trustee having discretion to
make disbursements to the individual, is a Medicaid qualifying
trust that must be considered part of the individual's assets for
purposes of the individual's eligibility for Medicaid, except
where the trust was established before April 7, 1986, for the
benefit of a mentally retarded individual residing in an inter-

REFERENCES
Am Jur 2d, Welfare Laws §§ 38-41.
See ALR Index under Medicaid.

mediate-care facility for the mentally retarded (42 USC 1396a[k]).

*Beier Howlett* (by *Mary T. Schmitt Smith*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morris J. Klau,* Assistant Attorney General, for the respondent.

Before: McDONALD, P.J., and TAYLOR and HOEKS-TRA, JJ.

TAYLOR, J. Respondent, Department of Social Services, appeals as of right the circuit court's reversal of a hearing referee's decision that respondent properly proposed closing petitioner's, Mary Rose Ronney's, medical assistance case because of excess assets.

Petitioner, who is over sixty-five years old and resides in a nursing home, is legally incapacitated. Petitioner's niece, Sandra Sims, is her legal guardian. In 1989, petitioner inherited $50,000, which Sims placed in a trust established under a probate court order of March 7, 1990. Sims named herself as trustee. The legal affairs office of the DSS advised that the trust was revocable and thus, should be considered available in determining petitioner's Medicaid eligibility. In November 1990, the DSS determined that petitioner was ineligible for Medicaid benefits because of excess assets and closed her case.

At a hearing on February 13, 1991, the parties agreed to reinstate petitioner's Medicaid benefits until the DSS reevaluated the trust. Upon completing its review, the DSS determined that the trust met the characteristics of a Medicaid Qualifying Trust (MQT) and that the value of the trust was countable in determining petitioner's eligibility for

Medicaid assistance. On April 9, 1991, the DSS closed petitioner's case. Acting on petitioner's behalf, Sims challenged this decision and requested a hearing, after which the referee decided that the DSS properly proposed to close petitioner's Medicaid assistance case because of excess assets. The referee reasoned that because the trust was revocable, and because the trust met the definition of an MQT, the trust constituted a countable asset for determining Medicaid eligibility. Petitioner requested a rehearing, which was granted, and the prior decision was affirmed.

Petitioner appealed in the circuit court, which reversed the decision of the referee, holding that the language of the Medicaid statute, 42 USC 1396a(k),[1] was clear that only trusts established by an individual or an individual's spouse could be considered MQTS. The circuit court reasoned that because the trust in this case was established by a guardian, the trust could not be considered an MQT. Thus, the circuit court concluded that the referee erred as a matter of law in determining that the subject trust was an MQT. The circuit court also held that the referee erred in finding that the trust was revocable. The circuit court reasoned that the trust's spendthrift provision was a sufficient basis on which to deem the trust irrevocable. The DSS appeals as of right from the circuit court's decision. We reverse.

Respondent argues that the lower court erred in deciding that a trust established by a legal guardian is not an MQT under 42 USC 1396a(k). We agree.

---

[1] This statute was repealed in 1993 under the Omnibus Budget Reconciliation Act. The amended statute applies to trusts established after August 10, 1993. See 42 USC 1396 *et seq.* The issue we deal with here concerns trusts, like the trust for the benefit of petitioner, established before that date.

Statutory interpretation, as a question of law, is subject to review de novo on appeal. See *In re Lafayette Towers,* 200 Mich App 269, 273; 503 NW2d 740 (1993). Although appellate courts give an agency's findings of fact deference, it is the appellate court's proper role to review an agency's legal findings. See *Ludington Service Corp v Acting Comm'r of Ins,* 444 Mich 481, 502; 511 NW2d 661 (1994), amended 444 Mich 1240 (1994). A court should overrule an agency's longstanding interpretation of a statute it administers only for the most cogent of reasons. *Majurin v Dep't of Social Services,* 164 Mich App 701, 704; 417 NW2d 578 (1987). An agency's ruling regarding a question of law cannot be set aside unless a party's substantial rights were prejudiced because of a substantial and material error of law. *Id.*

Congress enacted the Medicaid program in 1965, establishing a cooperative federal-state program in which the federal government reimburses states for a portion of the cost of medical care for needy persons. 42 USC 1396 *et seq.*; *Schweiker v Gray Panthers,* 435 US 34, 36; 101 S Ct 2633; 69 L Ed 2d 460 (1981). State participation in the program is voluntary, but states choosing to participate must comply with the federal statute's requirements. *Harris v McRae,* 448 US 297, 301; 100 S Ct 2671; 65 L Ed 2d 784 (1980). The test for Medicaid eligibility is essentially a needs-based test, with coverage being denied if the applicant exceeds a ceiling in countable assets. As a general rule, funds in irrevocable trusts are not countable assets. However, Congress created an exception to this general rule by making certain irrevocable trusts, called MQTs, countable as assets to the extent that a trustee has discretion to disburse funds from the trust, regardless of whether that discretion is exercised.

Before its repeal in 1993, the provision at issue in this case provided:

> For purposes of this subsection, a "medicaid qualifying trust" is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual. [42 USC 1396a(k)(2).]

The secretary of the Department of Health and Human Services, through the Health Care Financing Administration (HCFA), has interpreted this language as it relates to the term "individual," and has advised Medicaid-participating states regarding the proper administration of the law. In Chicago Regional State Letter No. 24-87 (November 1987), the HCFA articulated its interpretation of the situation where, as here, a guardian established a trust on behalf of a ward:

> Section [1396a(k)] defines "individual" as the person who both establishes the trust (or whose spouse establishes the trust) and is beneficiary of the trust. We believe that a trust that is established by an individual's guardian or legal representative, acting on the individual's behalf, also falls under the definition of a Medicaid qualifying trust. If an individual is not legally competent, for example, a trust established by his legal guardian (including a parent) using the individual's assets can be treated as having been established by the individual, since the individual could not establish the trust for himself. . . .
>
> In cases where the beneficiary of a trust is a mentally retarded individual, [the amended act] provides that if a beneficiary of a trust is a men-

tally retarded individual who resides in an intermediate care facility for the mentally retarded, that individual's trust is not considered a Medicaid qualifying trust provided the trust or initial trust decree was established prior to April 7, 1986 and is solely for the benefit of that mentally retarded individual.

However, Congress has implied that [s]ection [1396a(k)] applies to situations in which an individual's legal guardian has established the trust on the individual's behalf. Thus, by implication, all other trusts which have the characteristics defined in [§ 1396a(k)] and which are established for mentally retarded individuals (or others) would be considered Medicaid qualifying trusts. We have taken the position that almost all trusts for mentally retarded individuals are established for them by guardians, that the trust established by guardians or other legal representatives fall under the ambit of [§ 1396a(k)].

In its State Medicaid Manual, the HCFA has codified its foregoing interpretation in the following manner:

An "individual" is the person who both establishes the trust (or whose spouse establishes the trust) and is beneficiary of the trust. A trust that is established by an individual's guardian or legal representative acting on the individual's behalf, falls under the definition of a Medicaid qualifying trust. If an individual is not legally competent, for example, a trust established by his legal guardian (including a parent) using the individual's assets can be treated as having been established by the individual, since the individual could not establish the trust for himself. [Health Care Financing Administration, Department of Health and Human Services, State Medicaid Manual, § 3215.1 (May 1989).]

In *Forsyth v Rowe,* 226 Conn 818, 826; 629 A2d

379 (1993), the Connecticut Supreme Court held that when a trust is funded with proceeds from the settlement of a personal injury claim brought by the guardian on the ward's behalf, the ward, in effect, is the individual who established the trust. The *Forsyth* court specifically noted that "[a] trust is established by the person who provides the consideration for the trust even though in form it is created by someone else." *Id.* at 826.

> It is clear . . . from the purpose and history behind § 1396a(k) that a medicaid qualifying trust may also be "established . . . by an individual" when that individual, acting through his conservator, provides the consideration for the trust. [*Id.* at 826-827.]

In this case, petitioner's guardian established the trust for petitioner's benefit, using consideration provided by petitioner through her inheritance. Accordingly, we hold that petitioner, through her guardian, is the individual who established the trust. Because the trust, in essence, was established by petitioner and petitioner is also the beneficiary of the trust, the trust constitutes an MQT and precludes petitioner from receiving Medicaid benefits.

We find persuasive the argument of the DSS that when considered in its entirety, as opposed to focusing exclusively on the language in § 1396a(k)(2), the act should be read to include a guardian-established trust within the definition of an MQT. The Medicaid Act was amended in 1986 to close a loophole that had allowed individuals who were not otherwise eligible for public assistance to shield their assets in trusts in order to receive Medicaid. The sole exception provided for in the amended act involves situations where the trust beneficiary was a mentally retarded individual

residing in an intermediate-care facility for the mentally retarded, the trust was established only for that individual's benefit, and the individual's trust was established before April 7, 1986. By carving out this narrow exception, Congress implicitly evidenced an intent to embrace all other trusts within the ambit of MQTS. See Chicago Regional State Letter No. 24-87, *supra.*

This "intent of Congress" argument advanced by the DSS has been adopted in other jurisdictions, see *Striegel v South Dakota Dep't of Social Services,* 515 NW2d 245 (SD, 1994); *Forsyth, supra; Hatcher v Dep't of Health & Rehabilitative Services,* 545 So 2d 400 (Fla App, 1989), and we find the reasoning compelling. The Medicaid program would be at fiscal risk if individuals were permitted to preserve assets for their heirs while receiving Medicaid benefits from the states. *Forsyth, supra* at 828. As the *Striegel* Court noted, under petitioner's analysis, with the aid of an individual who was not a spouse, "[a]nyone and everyone could become eligible for Medicaid." *Striegel, supra,* at 248. Such a restrictive interpretation of § 1396a(k)(2) would frustrate the purpose of the act, which is "to prevent wealthy individuals, otherwise ineligible for Medicaid benefits, from making themselves eligible by creating irrevocable trusts in order to preserve assets for their heirs." *Striegel, supra.* While petitioner may not be a wealthy individual, if petitioner's funds were not held in trust, she would be ineligible for Medicaid benefits and would be unable to preserve the funds for her heirs, one of whom is the guardian who created the trust.

We find equally compelling the argument implied by the *Forsyth* court that to construe the statute as petitioner urges would cause the statute to be constitutionally suspect. *People v Capricci-*

*oso,* 207 Mich App 100; 523 NW2d 846 (1994) (statutes should be construed in such a manner as to render them constitutional). As the *Forsyth* court noted:

> It would be anomalous to construe the statute to allow a medicaid applicant to accomplish through a conservator or guardian acting on his behalf what the law prevents that applicant from doing on his own. [226 Conn 828.]

Adoption of petitioner's position would produce a reading of the Medicaid Act in which a competent person would be treated less favorably than an incompetent person solely because of the latter's disability. Specifically, petitioner's reading of the statute would lead to a circumstance where, unlike the competent, the incompetent could retain their assets and still qualify for Medicaid; allowing the legally incompetent the advantage of using the Medicaid program as an estate-planning tool, a benefit denied to the rest of the population. See *Striegel, supra; Forsyth, supra.* While this discrimination would be arguably benign, it is still discrimination. A classification conferring a benefit on legal incompetents would not be rationally related to any government interest. In fact, that interpretation of the Medicaid Act runs counter to the purpose of the statutory provision, which is

> to assure that individuals receiving nursing home and other long-term care services under Medicaid are in fact poor and have not transferred assets that should be used to purchase the needed services before Medicaid benefits are made available. [*Striegel, supra* at 247.]

Having determined that the agency's interpreta-

tion of this statute was, at the least, not a substantial and material error of law, we must reverse the judgment of the circuit court and reinstate the decision of the referee. Petitioner's Medicaid case was properly closed because of excess assets. Having resolved the case on this basis, we find it unnecessary to address the other issues raised.

Reversed.