COOK v DEPARTMENT OF SOCIAL SERVICES

Docket No. 194655. Submitted July 9, 1997, at Detroit. Decided September 5, 1997, at 9:00 A.M. Leave to appeal sought.

Anna Cook petitioned the Wayne Circuit Court for judicial review of a 1995 decision by the Department of Social Services, following a hearing in its administrative hearings bureau, to deny her application for Medicaid benefits on the ground that her assets, including an irrevocable trust created by her and her now-deceased husband in 1977 for their benefit, exceeded the $2,000 limit for Medicaid eligibility. The court, Sharon Tevis Finch, J., reversed the department's decision, concluding that the trust assets could not be considered in determining Medicaid eligibility. The department appealed by leave granted.

The Court of Appeals *held*:

1. When Congress amended the Medicaid Act, 42 USC 1396 *et seq.*, in 1993 to provide in § 1396p(d) stricter criteria for the exclusion of assets in trusts established after August 10, 1993, in determining Medicaid eligibility than those set in 1986 in § 1396a(k), which was repealed with the adoption of § 1396p(d), Congress intended that the criteria set in 1986 be applied to all trusts established on or before August 10, 1993. In this case, the circuit court erred in determining that the 1986 criteria could not be applied to the petitioner after the repeal of § 1396a(k).

2. The repeal of § 1396a(k) does not mean that the petitioner's trust should now be governed by common law. Medicaid eligibility is strictly statutory; no common law is revived with the repeal of § 1396a(k).

3. The application of the 1986 criteria to the petitioner's 1977 trust does not violate constitutional protections against ex post facto laws. Such protections apply to criminal or punitive laws, which the Medicaid eligibility provisions are not.

`     Reversed.

SOCIAL SERVICES — MEDICAID — MEDICAID QUALIFYING TRUSTS.

The determination whether assets in a trust created on or before August 10, 1993, for the benefit of a Medicaid applicant should be included among the applicant's assets in determining eligibility for

Medicaid continues to be governed by the criteria set in 1986 in 42 USC 1396a(k), notwithstanding the repeal of § 1396a(k).

*John B. Payne*, for the petitioner.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Chantal B. Fennessey*, Assistant Attorney General, for the respondent.

Before: DOCTOROFF, P.J., and MACKENZIE and GRIFFIN, JJ.

PER CURIAM. Respondent, Department of Social Services, appeals by leave granted from a circuit court order reversing a Department of Social Services Bureau of Administrative Hearings determination that petitioner Anna Cook was ineligible to receive Medicaid benefits. We reverse.

Anna Cook is an incompetent adult who resides in a nursing home. On August 31, 1977, she and her now-deceased husband established an irrevocable trust requiring the trustee to pay all trust funds for the benefit of the grantors. Until early 1995, Anna Cook's nursing home care was paid with income and principal from this trust.

In February 1995, Kenneth Cook, Anna's guardian and son, as well as trustee of the Cook trust, began applying only the trust income toward his mother's care and sought Medicaid benefits through respondent Department of Social Services to cover her excess nursing home expenses. The application for Medicaid indicated that the trust had a value of $98,016.17; it also listed a bank account in the name of the trust valued at $18,647.16. The Cooks' joint bank account was valued at $1,976.48.

The department denied the application. In reaching this result, it concluded that the Cook trust met the characteristics of a Medicaid Qualifying Trust (MQT), a type of trust the assets of which are countable in determining the grantor's eligibility for Medicaid benefits. Because Anna Cook's assets, including the trust assets, exceeded the $2,000 limit for Medicaid qualification, she was determined to be ineligible to receive benefits. An administrative hearing followed. Rejecting the applicant's contention that the trust was not an MQT with assets attributable to Anna Cook, the hearing referee also ruled that she did not qualify for Medicaid benefits because her assets exceeded the $2,000 limit. On appeal the circuit court reversed, concluding that the trust assets were not countable as Anna Cook's assets and that she was entitled to Medicaid benefits.

The Medicaid program, 42 USC 1396 *et seq.*, was established by Congress in 1965 as a cooperative federal-state program in which the federal government reimburses the state for a portion of the costs of medical care for needy individuals. *Ronney v Dep't of Social Services*, 210 Mich App 312, 315; 532 NW2d 910 (1995). The test for Medicaid eligibility is essentially a needs-based test, with coverage being denied if the applicant exceeds a ceiling in countable assets. *Id.* Generally, funds held in an irrevocable trust are not countable assets. *Id.* This general rule applied when the Cooks' irrevocable trust was created in 1977.

In 1986, however, Congress amended the Medicaid statutes so that assets in certain trusts would be counted in determining whether a Medicaid applicant satisfied the maximum asset requirement. Relevant to this case was the addition of 42 USC 1396a(k), which

defined an MQT and established the circumstances under which the assets of an MQT would be deemed countable in determining the grantor's Medicaid eligibility. In this case, the parties do not dispute that, if § 1396a(k) is applicable to the Cook trust, the trust qualifies as an MQT and is countable as an asset of Anna Cook.

In 1993, Congress again amended the provisions governing Medicaid qualification. In so doing, § 1396a(k) was deleted and the treatment of trusts for Medicaid qualification was moved to § 1396p(d). At that time, even stricter criteria were added regarding the treatment of trusts. However, Congress specifically provided that the amendments of § 1396p(d) concerning trust assets would not apply "with respect to trusts established on or before the date of the enactment of this Act," August 10, 1993. In light of this provision, it is undisputed that, in this case, the Cook trust is not governed by § 1396p(d). Instead, the issue in this case is whether trusts like the Cook trust, created before August 10, 1993, continue to be governed by the now deleted § 1396a(k).

Petitioner argues, and the circuit court agreed, that because Congress repealed the 1986 provisions governing MQTs, those provisions cannot apply to the Cook trust. Respondent, on the other hand, contends that Congress intended that the Medicaid laws established in 1986, including the MQT provisions, are to be applied to all trusts established on or before August 10, 1993, while the even more stringent 1993 criteria are to be reserved for trusts established after August 10, 1993. We conclude that respondent is correct.

Congress enacted the 1986 provisions governing MQTs in response to the increased use of irrevocable

trusts by persons of considerable means to qualify for Medicaid benefits without depleting their estates. See *Cohen v Comm'r of the Division of Medical Assistance*, 423 Mass 399, 401-407; 668 NE2d 769 (1996); *In re Kindt*, 542 NW2d 391, 395 (Minn App, 1996). As recognized by this Court, the purpose of the Medicaid qualification provisions concerning the treatment of trust assets was to prevent "individuals, otherwise ineligible for Medicaid benefits, from making themselves eligible by creating irrevocable trusts in order to preserve assets for their heirs." *Ronney, supra*, p 319. The bill containing the provisions finally enacted as the MQT law was referred to the House Committee on Energy and Commerce, which recommended passage with the following statement:

> The Committee feels compelled to state the obvious. Medicaid is, and always has been, a program to provide basic health coverage to people who do not have sufficient income or resources to provide for themselves. When affluent individuals use Medicaid qualifying trusts and similar "techniques" to qualify for the program, they are diverting scarce Federal and State resources from low-income elderly and disabled individuals, and poor women and children. This is unacceptable to the Committee. [HR Rep No 265, 99th Cong, 1st Sess, pt 1, at 72.]

It seems clear that, when Congress subsequently amended the Medicaid qualification provisions to provide even more stringent requirements on grantors with trusts established after August 1993, it did not at the same time intend simply to abandon all qualification requirements for grantors with trusts created before 1993 and once again allow those persons to "divert[] scarce Federal and State resources from low-income elderly and disabled individuals." *Id*. Rather,

the only reasonable conclusion is that Congress intended the 1986 provisions regarding MQTs to continue to apply to trusts established before August 10, 1993.

We have found no reported cases directly addressing the question whether the 1993 amendments took trusts created on or before August 10, 1993, out of the ambit of the 1986 provisions for determining Medicaid eligibility. In a footnote in *Cohen*, however, the Massachusetts Supreme Court reached the same conclusion we draw—that the 1993 amendments did not:

> The plaintiffs do not argue that since the 1993 amendment is prospective only and that the 1986 MQT statute is now repealed, the law in respect to pre-August 1993 trusts is as it was before the enactment of the 1986 MQT statute. The claimants are right not to make this argument, as the evident intention of Congress in 1993 was to supersede the 1986 MQT statute for trusts created after August 10, 1993, by a more stringent provision, *not to loosen eligibility requirements for previous trusts.* [*Cohen, supra,* p 406, n 14 (emphasis added).]

In addition to *Cohen*, at least four reported cases, including this Court's decision in *Ronney*, have implicitly held that the 1986 MQT provisions contained in § 1396a(k) continue to apply to trusts established before August 1993, despite the 1993 repeal. See *Williams v Kansas Dep't of Social & Rehabilitation Services*, 258 Kan 161, 166; 899 P2d 452 (1995) (acknowledging that § 1396a[k] "was repealed in 1993, but it applies" to a trust created in 1992); *In re Kindt, supra* at 396 (applying § 1396a[k] to a trust created in 1991 or 1992, while stating that "Congress repealed this provision in 1993"); *Sanders v Pilley*, 684 So 2d 460, 464 (La App, 1996) (trust created in 1991

reviewed "[u]nder the prior law applicable to this case, 42 USC § 1396a[k], [now repealed]). It is also noteworthy that the federal agency responsible for the Medicaid program has reached the same conclusion. The Health and Human Services' State Medicaid Manual instructs that trusts established before August 1993 continue to be governed under the 1986 statutory scheme. Health Care Financing Administration, Department of Health and Human Services, State Medicaid Manual, § 3257 (November, 1995).

Petitioner argues that, rather than continuing to be governed by § 1396a(k), trusts established before the 1993 amendments should be governed under the common law. Generally, the repeal of a statute revives the common law. *People v Reeves*, 448 Mich 1, 8; 528 NW2d 160 (1995). However, the issue of Medicaid eligibility is strictly statutory; there is no common law to revive. Accordingly, we reject this claim.

Petitioner also asserts that even if § 1396a(k) survived the 1993 amendments, it is inapplicable to the Cook trust because application of the 1986 provisions to a trust established in 1977 would violate the constitutional protections against ex post facto laws. The ex post facto protections found in both the state and federal constitutions apply to criminal or punitive laws. *Taylor v Secretary of State*, 216 Mich App 333, 341; 548 NW2d 710 (1996). The Medicaid eligibility provisions are clearly not criminal or punitive, and, therefore, this claim is without merit. In any case, the Medicaid eligibility provisions do not affect petitioner's rights in the trust. Section 1396a(k) governs only the treatment of trust assets in determining Medicaid eligibility, not grantors' rights under their trusts.

Because we conclude that the 1986 provisions contained in § 1396a(k) regarding MQTs and Medicaid eligibility remain applicable to irrevocable trusts created on or before August 10, 1993, and because it is undisputed that the Cook trust meets the definition of an MQT, the trust assets were countable as Anna Cook's assets. As such, Anna Cook's assets exceeded the $2,000 ceiling for Medicaid eligibility and the department properly denied the application for Medicaid assistance.

Reversed.