(988 P.2d 1217)
No. 81,668
CHARLES H. MARTIN, III, *Appellant*, v. KANSAS DEPARTMENT
OF SOCIAL AND REHABILITATION SERVICES, *Appellee.*

Opinion filed
September 24, 1999.

*Margo E. Burson,* of Topeka, for appellant.

*Matthew W. Boddington,* of Kansas Department of Social and Rehabilitation
Services, of Topeka, for appellee.

Before GREEN, P.J., ROGG, S.J., and CHIPMAN, S.J.

ROGG, J.: Charles H. Martin, III, appeals a decision by the Kansas Department of Social and Rehabilitation Services (SRS), denying Martin's application for medical assistance.

Martin is a mentally disabled individual who lives in a group home. He is the beneficiary of a trust established in 1978 by his parents, now deceased. The trust provides for the care, maintenance, and welfare of Martin "to the extent deemed advisable by the Trustee."

Through his co-conservator, Martin applied for Medicaid and food stamps in 1994. SRS denied Martin's request because his available resources exceeded the maximum allowable amount. On administrative appeal, the State Appeals Committee affirmed, con-

cluding a July 1994 amendment to K.A.R. 30-6-109(c) meant the trust was an available resource. The district court also affirmed.

On appeal, Martin argues the trust is not an available resource, the amendment to K.A.R. 30-6-109(c) notwithstanding. Martin cites two cases in which discretionary trusts were not available resources: *Myers v. Kansas Dept. of SRS*, 254 Kan. 467, 477-78, 866 P.2d 1052 (1994), and *Simpson v. Kansas Dept. of SRS*, 21 Kan. App. 2d 680, 683-84, 906 P.2d 174 (1995), *rev. denied* 259 Kan. 928 (1996). SRS contends the rule of *Myers* and *Simpson* was altered by the amendment to K.A.R. 30-6-109. The standard of judicial review is defined by statute, which allows relief, *inter alia*, when an agency has erroneously interpreted or applied the law. K.S.A. 77-621(c)(4); *Williams v. Kansas Dept. of SRS*, 258 Kan. 161, 164, 899 P.2d 452 (1995).

*Myers* and *Simpson* do not discuss federal law. While both cases dealt with medical assistance, the facts do not specify whether the petitioners sought Medicaid. Two more recent cases, *Williams v. Kansas Dept. of SRS*, 258 Kan. at 164-66, and *In re Guardianship & Conservatorship of Watkins*, 24 Kan. App. 2d 469, 471-73, 947 P.2d 45 (1997), consider and apply the relevant sections of the Medicaid Act.

The United States Congress enacted the Medicaid Act as a cooperative federal/state program to provide health care to certain individuals. While a state is not required to participate in Medicaid, once it elects to do so, it must comply with the Medicaid statute and the regulations promulgated by the Secretary of the United States Department of Health and Human Services (Secretary of HHS). In determining eligibility, states may take into account only those resources deemed available by the Secretary of HHS. *Himes v. Shalala*, 999 F.2d 684, 686 (2d Cir. 1993); *Williams*, 258 Kan. at 164-65 (quoting *Himes*, 999 F.2d at 686).

Kansas has elected to participate in Medicaid, and K.S.A. 39-708c provides the Secretary of SRS with authority to adopt rules and regulations to implement the program. *Williams*, 258 Kan. at 165. The Secretary of SRS promulgated K.A.R. 30-6-34 *et seq*. and published the Kansas Public Assistance Manual (KPAM) in order

to implement the Medicaid program. See *Williams*, 258 Kan. at 165.

In 1993, Congress enacted the Omnibus Budget Reconciliation Act of 1993 (OBRA), Pub. L. No. 103-66, 107 Stat. 312. OBRA amended the Medicaid Act's provisions regarding the availability of trusts. Pub. L. No. 103-66, § 13611(b), 107 Stat. 624, codified as 42 U.S.C. § 1396p(d) (1994). SRS states that the OBRA amendments were implemented by the Secretary of SRS through an amendment to K.A.R. 30-6-109 and that this amendment made discretionary trusts available resources.

However, discretionary trusts are available resources under the Medicaid Act only if they were established by the individual seeking medical assistance. Beginning in 1986, a trust established by an individual who sought medical assistance was available to the extent the trustee had discretion to distribute the trust assets, whether or not any distributions were made. 42 U.S.C. § 1396a(k) (Supp. V 1987). These were known as Medicaid qualifying trusts (MQT) even though the beneficiary was disqualified for Medicaid if the trust exceeded the eligibility limits. *Watkins*, 24 Kan. App. 2d at 472. The 1986 MQT provisions also exempted any trust established prior to April 7, 1986, "solely for the benefit of a mentally retarded individual who resides in an intermediate care facility for the mentally retarded." Pub. L. No. 99-509, § 9435(c), 100 Stat. 2070. OBRA repealed the 1986 MQT provisions and enacted new MQT provisions found at 42 U.S.C. § 1396p(d). 24 Kan. App. 2d at 472.

Importantly for this case, the OBRA amendments did not apply to trusts established on or before the enactment of OBRA. Pub. L. No. 103-66 § 13611(e)(2)(C), 107 Stat. 627. See 42 U.S.C. § 1396p (1993), History, Ancillary Laws and Directives. The Kansas Supreme Court in *Williams*, for example, applied pre-OBRA law to a trust established before 1993. See *Williams*, 258 Kan. 162, 166. See KPAM § 5434 (1999).

The Michigan Court of Appeals cited *Williams* in holding the 1986 MQT provisions continue to apply to trusts established before OBRA. See *Cook v. Dep't of Social Services*, 225 Mich. App. 318, 323, 570 N.W.2d 684 (1997), *leave to appeal denied* 458 Mich. 870

(1998). In *Cook*, an incompetent adult who resided in a nursing home established an irrevocable trust with her husband in 1977. In 1995, her guardian applied for Medicaid, but the State Department of Social Services determined her trust was an MQT. The Michigan court held the 1986 MQT provisions were applicable because Congress could not have intended, in enacting OBRA, to eliminate coverage for all trusts established before 1993. 225 Mich. App. at 322-33.

The reasoning of *Cook* is persuasive. We hold that in determining whether a trust is a Medicaid qualifying trust, 42 U.S.C. § 1396a(k) (1988) applies to trusts established on or before the enactment of the OBRA. Because the district court did not make findings consonant with the 1986 MQT provisions, we will not attempt to resolve the issue here. The district court did not interpret K.A.R. 30-6-109(c) in conformity with applicable federal standards, so the case is reversed and remanded for such an analysis.

Reversed and remanded for action consistent with this opinion.