RONALD D. BORUCH, SPECIAL ADMINISTRATOR OF THE
ESTATE OF LAMBERT BORUCH, DECEASED, APPELLANT, V.
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES
AND RON ROSS, DIRECTOR OF THE NEBRASKA DEPARTMENT
OF HEALTH AND HUMAN SERVICES, APPELLEES.

659 N.W.2d 848

Filed April 15, 2003.   No. A-01-658.

Richard K. Watts, of Watts Law Office, P.C., for appellant.

Don Stenberg, Attorney General, Royce N. Harper, and
Michele M. Lewon, Senior Certified Law Student, for appellees.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

SIEVERS, Judge.

On June 30, 1999, Ronald D. Boruch, on behalf of Lambert Boruch, filed with the Nebraska Department of Health and Human Services (DHHS) a written application for medical assistance benefits known as Medicaid. DHHS determined that based on the value of Lambert's irrevocable trust, he was ineligible for Medicaid benefits. After an administrative hearing, Ron Ross, the director of the services division of DHHS (Director), affirmed the finding, and Ronald subsequently filed a petition for review in the district court for Butler County, Nebraska. The district court affirmed the administrative decision, and Ronald now appeals to this court. For the reasons set forth herein, we affirm.

## FACTUAL BACKGROUND

On or before November 6, 1993, Lambert executed the "Lambert G. Boruch Living Trust" (the Trust), to which he conveyed four tracts of real property, which were valued at $309,845 at the time of trial. Lambert was the grantor and beneficiary of the corpus of the Trust, and his son, Ronald, was a co-successor trustee. The Trust was established as an irrevocable instrument and provided that the beneficiary, Lambert, was entitled to the use and possession of the real property, as well as the annual net income derived therefrom, for his lifetime.

On June 3, 1999, Lambert became a resident of the Good Samaritan Home in Osceola, Nebraska, and on June 30, Ronald filed a written application for Medicaid benefits for Lambert. Mary Ann Birkel, a DHHS employee, processed the Medicaid application at the DHHS local office in David City, Nebraska. The application and Lambert's assets, including the Trust, were reviewed by Joyce Schneider, a DHHS program specialist, and pursuant to 469 Neb. Admin. Code, ch. 2, § 009.07A5(b)(1) (1997), she determined that the Trust was an available resource to be counted in the determination of Lambert's Medicaid eligibility. Lambert's application for Medicaid benefits was rejected because his resources exceeded the "resource maximum allowable" to Medicaid recipients (a maximum of $4,000) pursuant to 469 Neb. Admin. Code, ch. 4, § 005.01 (2001).

On August 5, 1999, Ronald, on behalf of Lambert, filed a notice and petition for fair hearing asserting that the David City

local office erred in including the Trust as an available resource. On September 21, a hearing was had before Richard K. Spencer, the DHHS designated hearing officer, and on March 20, 2000, the Director affirmed the finding of the David City local office.

Ronald timely filed a petition for review in the district court for Butler County, alleging that the findings and order of the Director were unsupported by the evidence and contrary to law. On May 1, 2001, the district court affirmed the order of the Director, concluding that DHHS correctly applied Neb. Rev. Stat. § 68-1047 (Reissue 1996) and § 009.07A5(b)(1) to the determination of Lambert's eligibility for Medicaid. Ronald appeals.

## ASSIGNMENT OF ERROR

Ronald asserts, summarized and restated, that the district court abused its discretion in finding that the corpus of and income from the Trust should be included in the determination of Lambert's Medicaid eligibility pursuant to § 68-1047(2) and § 009.07A5(b)(1).

## STANDARD OF REVIEW

A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1999); *Wolgamott v. Abramson*, 253 Neb. 350, 570 N.W.2d 818 (1997); *Martin v. Nebraska Dept. of Public Institutions*, 7 Neb. App. 585, 584 N.W.2d 485 (1998). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Wolgamott v. Abramson, supra*; *Martin v. Nebraska Dept. of Public Institutions, supra*. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *J.C. Penney Co. v. Balka*, 254 Neb. 521, 577 N.W.2d 283 (1998).

## ANALYSIS

Ronald asserts that both the corpus of the Trust and the income generated from the Trust should not be counted as available assets in determining Lambert's eligibility for Medicaid

benefits. The eligibility of an applicant for public assistance benefits who is the beneficiary of an irrevocable trust has been debated in the law for some time. See, e.g., *Ramey v. Reinertson*, 268 F.3d 955 (10th Cir. 2001). The source of the dispute generally relates to the "needs-based test" for Medicaid eligibility, which means Medicaid coverage is denied if an applicant has assets that exceed a certain monetary level. See *Ronney v. Department of Social Services*, 210 Mich. App. 312, 315, 532 N.W.2d 910, 913 (1995). We begin with a brief overview of the federal Medicaid program.

*Federal Medicaid Program.*

■ The Medicaid program, 42 U.S.C. § 1396 et seq. (2001), was established by Congress in 1965 as a cooperative federal-state program in which the federal government reimburses states for a portion of the costs of medical care for persons in need. See *Schweiker v. Gray Panthers*, 453 U.S. 34, 101 S. Ct. 2633, 69 L. Ed. 2d 460 (1981). The purpose of the program is to provide medical assistance to those whose resources are insufficient to meet the costs of necessary medical care. See *Ronney v. Department of Social Services, supra*. While participation in the federal Medicaid program is optional, once a state elects to participate, it must comply with the requirements imposed by the federal Medicaid act and by the Secretary of Health and Human Services, who administers the program through the Health Care Financing Administration. See, *Schweiker v. Gray Panthers, supra*; *Ramey v. Reinertson, supra*. See, also, *Dillon Family & Youth Services v. DHS*, 965 F.2d 932 (10th Cir. 1992).

Prior to 1986, an irrevocable trust was not considered an asset in determining whether an applicant was sufficiently needy to qualify for Medicaid benefits. See *Ramey v. Reinertson, supra*. Yet, Congress and the states participating in the joint federal-state Medicaid program began to realize that many individuals were receiving Medicaid benefits when they had irrevocable trusts containing assets which would otherwise have made them ineligible for public assistance *Id.* Congress and the participating states learned that many individuals confronted with escalating health care expenses and a corresponding depletion of personal assets were taking advantage of the "trust gap" in the Medicaid

act by establishing trust funds to shield their own assets. See *Cohen v. Commissioner of the Division of Medical Assistance*, 423 Mass. 399, 668 N.E.2d 769 (1996). As a result of such trusts, these individuals were permitted "to have [their] cake and eat it too," at the expense of those who were truly unable to financially care for themselves. *Id.* at 403, 668 N.E.2d at 772.

■ In 1986, Congress attempted to close the "loophole" in the Medicaid act so that assets in certain trusts would be counted in determining whether a Medicaid applicant satisfied the maximum asset requirement. See *Lebow v. Commissioner of the Division of Medical Assistance*, 433 Mass. 171, 740 N.E.2d 978 (2001) (in 1986, Congress acted to prohibit people from utilizing law of trusts to secure eligibility for public welfare benefits). See, also, *Cook v. Department of Social Services*, 225 Mich. App. 318, 570 N.W.2d 684 (1997) (1986 amendment to federal Medicaid act created exception to general trust law by including certain trusts in determination of whether applicant's resource level exceeded maximum limits); *Ronney v. Department of Social Services, supra* (underlying purpose of 1986 amendment to federal Medicaid act was to preserve fiscal integrity of Medicaid program by ensuring that those receiving benefits were in fact impoverished rather than shielding assets that could be used to purchase health care services). The prohibited trusts delineated in the 1986 amendment were called Medicaid qualifying trusts, see § 1396a(k) (1986), and the 1986 version of the act established circumstances under which the assets of Medicaid qualifying trusts would be countable in determining the beneficiary's Medicaid eligibility.

On August 10, 1993, Congress repealed § 1396a(k) and substituted even tighter restrictions by enacting § 1396p(d) (1993). The 1993 amendment expanded the types of trust which could be considered to preclude applicants from Medicaid eligibility. See *Ramey v. Reinertson, supra*. The new restrictions provided in pertinent part:

(d) Treatment of trust amounts

. . . .

(2)(A) . . . an individual shall be considered to have established a trust if assets of the individual were used to form all or part of the corpus of the trust and if any of the following individuals established such trust other than by will:

(i) The individual.

. . . .

(3)(A) . . . .

(B) In the case of an irrevocable trust—

(i) if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could be made shall be considered resources available to the individual, and payments from that portion of the corpus or income—

(I) to or for the benefit of the individual, shall be considered income of the individual, and

(II) for any other purpose, shall be considered a transfer of assets by the individual[.]

§ 1396p(d).

Thus, under the plain language of § 1396p(d), if a person establishes an irrevocable trust with his or her assets and the individual is able, under *any circumstances*, to benefit from the corpus of the trust or the income derived from the trust, the individual is considered to have formed a trust which is counted in the determination of Medicaid eligibility. Additionally, "the corpus of the trust shall be considered resources available to the individual." § 1396p(d)(3)(A)(i). Furthermore, Congress specifically provided that the 1993 amendment to the Medicaid act only applies to trusts established after the effective date of the enactment, i.e., August 10, 1993. See *Cohen v. Commissioner of the Division of Medical Assistance*, 423 Mass. 399, 668 N.E.2d 769 (1996). The Trust at issue here was established on November 6, 1993.

### Nebraska Medicaid Program.

With this backdrop, we turn to Nebraska law governing Medicaid and the present issue. Nebraska has elected to participate in the federal Medicaid program through the enactment of Neb. Rev. Stat. § 68-1018 et seq. (Reissue 1996 & Cum. Supp. 2002). Additionally, § 68-1021 requires the director of DHHS Finance and Support to promulgate rules and policies implementing the Nebraska Medicaid program. Initially, we note that because Ronald applied for Medicaid benefits for Lambert on

June 30, 1999, and Lambert was then already institutionalized, we use the statutes and regulations in effect on that date, even though § 68-1047 was repealed in 2000 by 2000 Neb. Laws, L.B. 1352. At issue in the present case are § 68-1047(2) (Reissue 1996) and the DHHS regulation based on that statute, § 009.07A5(b)(1). Section 68-1047 states in pertinent part:

(2) The following trusts, created after June 10, 1993, shall become revocable to the extent of the transferor-beneficiary's interest in the trust, by operation of law, upon the filing of an application by or on behalf of such beneficiary for any public assistance program administered by [DHHS], including the medical assistance program:

(a) Any irrevocable trust established by or on behalf of a person from such person's own assets, if such person is a beneficiary of the trust[.]

Section 009.07A5(b)(1) states in pertinent part, "An irrevocable trust established on or after June 9, 1993, is considered revocable and an available resource if it is established with the client as the beneficiary and - 1. With the client's own funds[.]" See, also, 469 Neb. Admin. Code, ch. 2, § 009.07A5(b)(2) (1993) (1993 DHHS regulation regarding irrevocable trusts was amended in 1997 in that wording and numbering were slightly changed, but meaning of 1993 regulation was not changed by 1997 version quoted above).

*Statutory Interpretation.*

On June 9, 1993, § 68-1047(2) was enacted by the Nebraska Legislature, and on February 27, 1994, § 009.07A5(b)(2) (1993) was adopted by DHHS, the latter being subsequently amended in 1997 to § 009.07A5(b)(1) (1997). Thus, according to federal and state law, the plain and ordinary meaning of §§ 68-1047(2), 009.07A5(b)(1), and 1396p(d) is clear: After June 9 (Nebraska statute and regulation) or August 10 (federal statute), 1993, if an individual establishes an irrevocable trust with his or her funds and is the beneficiary of or can benefit from the trust under *any circumstances*, the trust corpus is counted in the determination of Medicaid eligibility. Because this is so clear from the language of the statutes, we need not engage in interpretation. Therefore, the district court did not err in finding that the Trust,

the corpus as well as the income generated from it, should be counted in the determination of Lambert's Medicaid eligibility.

*Look-Back Provisions.*

■ Ronald contends that only the income generated from the Trust, not the actual value of the corpus, should be counted in Lambert's Medicaid calculation because the Trust should be regarded as a "transfer of assets" pursuant to § 1396p(c) (1993), meaning that the "look-back" provisions, *id.*, of the state and federal Medicaid acts apply. "Look-back" is that period of time when an institutionalized individual cannot dispose of assets for less than fair market value and still be eligible for medical assistance. In short, an individual cannot be eligible for medical assistance if he or she has deprived himself or herself of assets at less than the fair market value for the purpose of qualifying for Medicaid. See *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988).

Section 1396p(c)(1)(A) provides that a state's Medicaid plan "must provide that if an institutionalized individual . . . disposes of assets for less than fair market value on or after the look-back date . . . the individual is ineligible for medical assistance." Additionally, § 1396p(c)(1)(B)(i) and (ii)(I) provides that

> [t]he look-back date . . . is a date that is 36 months (or, in the case of payments from a trust or portions of a trust that are treated as assets disposed of by the individual . . . 60 months) before the date . . . as of which the individual both is an institutionalized individual and has applied for medical assistance under the State plan.

The Nebraska equivalent is 469 Neb. Admin. Code, ch. 2, §§ 009.10 and 009.10A (1999).

The Director's finding and Ronald's brief discuss the applicability of the look-back provisions. The Director found that Lambert disposed of his resources for less than fair market value. We suggest that transferring real estate to a trust of which the transferor is the sole beneficiary is not a "disposal at less than market value" as a matter of law and logic nor within the meaning of the look-back statutes.

Additionally, we cannot help but note that the Director defined the look-back period as beginning on the first day when "the institutionalized individual has applied for medical assistance," which

is a correct definition. However, the Director then clearly erred in the finding that the look-back period in this case "began on November 30, 1993, and ends on November 30, 1998." Because Lambert was institutionalized on June 3, 1999, and the application for Medicaid was made on June 30, 1999, the look-back period, were it applicable here, would begin on June 30, 1999, and end 60 months "back" on June 30, 1994. However, it does not appear that the Director's decision is premised in any way on the look-back provisions, and we note the lack of any finding that the assets were disposed of or transferred with the intent to secure medical assistance benefits, a key element of any such analysis. As noted in *Meier v. State, supra,* the disposal or transfer of assets is not the disqualifying act; rather, the disqualification results from disposing of assets with the intent and purpose of qualifying for medical assistance benefits. There is no evidence in the record indicating why the Trust was established, and as said above, this was not a transfer for less than fair value. Moreover, the finding that the real property in the Trust is "an available resource" trumps any need to use the look-back provisions to determine eligibility—Lambert had already been determined to be ineligible because he has nearly $310,000 in assets when the maximum limit to qualify for Medicaid is $4,000 in assets. Thus, the look-back analysis is not necessary or applicable.

*Constitutional Claim.*

Lastly, Ronald contends that if we affirm the district court's interpretation of §§ 68-1047 and 009.07A5(b)(1), the Nebraska statute and regulation will be in conflict with the federal Medicaid act and violate the Supremacy Clause of the U.S. Constitution. This is stated as a conclusion with little or no explanation and no citation of authority.

■ To the extent that this argument is intended as a challenge to the constitutionality of a Nebraska statute, we note that while we do not have the power to decide such a question, we do have jurisdiction to determine whether such issue has been properly raised. See *Bartunek v. Geo A. Hormel & Co.,* 2 Neb. App. 598, 513 N.W.2d 545 (1994). We find that the constitutional issue was not properly raised. The issue was neither presented to nor ruled on by DHHS or the district court. When an issue is raised for the

first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002).

AFFIRMED.