# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 26, 2008

136321 & (82)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant/
       Cross-Appellee,
v

ANTHONY LEE BAISDEN,
       Defendant-Appellee/
       Cross-Appellant.
_____/

SC: 136321
COA: 269999
Wayne CC: 05-003753

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the March 4, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals in part. We agree with the trial court that MCL 750.520b(1)(f)(iv) is applicable here and that it is common knowledge that penile penetration constitutes an unethical and unacceptable method of "medical treatment." Therefore, we overrule *People v Capriccioso*, 207 Mich App 100, 105 (1994), and *People v Thangavelu*, 96 Mich App 442, 450 (1980), to the extent that they state or hold that medical testimony is required in all prosecutions under MCL 750.520b(1)(f)(iv). We further overrule those cases to the extent that they limit the application of the statute to situations in which the medical examination or treatment is used as a pretext to secure a patient's consent to sexual conduct. That limited interpretation does not comport with the plain language of the statute. The statute also applies to situations where nonconsensual sexual conduct is perpetrated during or in the context of medical treatment or examination. In a separate order, we are vacating the portion of the judgment of the Court of Appeals in *People v Bayer*, 279 Mich App 49 (2008), that states that medical testimony is required in all prosecutions under MCL 750.52b(1)(f)(iv).

The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court. We REMAND this case to the Court of Appeals for consideration of the defendant's remaining issues.

CAVANAGH, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2008

_____
Clerk

p0923